## JPS 020 Realty, LLC v New York State Div. of Hous. & Community Renewal

2024 NY Slip Op 31847(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 151682/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. NICHOLAS W. MOYNE                 PART                41M

_Justice_

-------------------------------------------------------------X

JPS 020 REALTY, LLC

|  |  |
|---|---|
| INDEX NO. | 151682/2023 |
| MOTION DATE | 02/21/2023 |
| MOTION SEQ. NO. | 001 |

Petitioner,

- v -

NEW YORK STATE DIVISION OF HOUSING AND
COMMUNITY RENEWAL,

**DECISION + ORDER ON
MOTION**

Respondent.

-------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 29, 30, 31, 32, 34, 36, 37, 39

were read on this motion to/for                     ARTICLE 78 (BODY OR OFFICER)                .

Upon the foregoing documents, it is

In this Article 78 special proceeding, the petitioner, JPS 020 Realty LLC (JPS), owner of the residential property located at 245 West 75th Street in Manhattan, challenges a Final Determination of respondent, Division of Community Housing and Renewal (DHCR), dated December 22, 2022, which affirmed the Denial Order issued by a DHCR Rent Administrator and denied the petitioner's Petition for Administrative Review (PAR). In the Denial Order, the Rent Administrator denied the petitioner's then-pending application for Major Capital Improvement (MCI) increases, upon the passage by the New York State Legislature of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36). Petitioner appealed the denial of their MCI rent increase application to the Deputy Commissioner of DHCR, who upheld the Rent Administrator's denial.

The Deputy Commissioner found that in denying the petitioner's application, the Rent Administrator noted that "pursuant to the Housing Stability and Tenant Protection Act of 2019, major capital improvement increases are prohibited for buildings with 35% or fewer rent-regulated units" (NYSCEF Doc. No. 4 at 1). In affirming the Denial Order, the Deputy Commissioner found "no error of law or fact in the Administrator's denial of the MCI application" and that the "record supports the Administrator's conclusion that the owner's building contained 35% or fewer rent-regulated units" (_Id._ at 2). The Deputy Commissioner further found that "the MCI amendments contained in Part K of the HSTPA -- including the new provision that MCI rent increases are prohibited for buildings with 35% or fewer rent-regulated units -- were not unjustly retroactive and were properly applied to the owner's pending MCI application during the proceeding below" (_Id._ at 3). The Deputy Commissioner further found that "the petitioner has not

shown that the Administrator's delay in processing the application was willful or the result of negligence" (*Id.* at 4).

The petitioner maintains that the retroactive application of the MCI provision of the HSTPA, including the 35% rule, was unlawful and unconstitutional, and seeks an order from this court annulling the Final Determination and remanding the matter back to the DHCR with instructions to grant the application "without applying the MCI provisions of HSTPA." Respondent DHCR cross-moves to dismiss the petition.

In moving to dismiss the petition, the DHCR relies upon a recent decision in which the Appellate Division, First Department, had occasion to address the same issue presented by the instant petition and ruled against the petitioner in that action. In *4040 BA LLC v New York State Div. of Hous. and Community Renewal*, 221 AD3d 440 (1st Dept. 2023), which also concerned Part K of the HSTPA and an owner's application for a rent increase based on MCI, the First Department held that DHCR properly denied an application pending at the time of the enactment of HSTPA on the ground that the retroactive application of HSTPA did not "expand the scope of petitioner's liability based on prior conduct, or impair other rights petitioner possessed in the past" (*4040 BA*, 221 AD3d at 440). DHCR maintains that the reasoning and holding of *4040 BA LLC* should apply in this proceeding and result in the dismissal of the petition. The Court agrees.

When the HSTPA was enacted, petitioner had no vested right in a future MCI rent increase, or in the more beneficial pre-HSTPA law or regulations (*see Matter of IG Second Generation Partners L.P. v New York State Div. of Hous. and Community Renewal*, 10 NY3d 474 [2008]; *300 Wadsworth LLC v New York State Div. of Hous. and Community Renewal*, 210 AD3d 454 [1st Dept. 2022]; *Matter of Schutt v New York State Div. of Hous. and Community Renewal*, 278 AD3d 58 [1st Dept 2000]). The only issue here, affected by the retroactive application of Part K of the HSTPA, is whether the petitioner is entitled to a prospective rent increase and/or how much additional rent petitioner could charge after DHCR decided its MCI rent increase application. Applying the HSTPA cannot lead to any problematic or injurious retroactive effect and therefore DHCR's application of the statute to the petitioner's pending application was proper (*see Regina Metropolitan Co., LLC v New York State Division of Housing and Community Renewal*, 35 NY3d 332, 365 [2020]). A statute that affects only "the propriety of prospective relief" or the non-substantive provisions governing the procedure for adjudication of a claim going forward has no potentially problematic retroactive effect even when the liability arises from past conduct (*Id.* at 365; see also *Landgraf v USI Film Prods.*, 511 US 244, 278-280 [1994]).

To the extent that the petitioner relies on the Court of Appeals decision in *Regina Metropolitan Co., LLC* to challenge the Final Determination here on constitutional grounds, its arguments are without merit. In *Regina Metropolitan Co., LLC*, the Court of Appeals expressly limited its holding to Part F, stating that the HSTPA "is almost entirely forward-looking -- only Part F's effective date provision contains language referring to prior claims" (*Regina Metropolitan Co., LLC*, 35 NY3d at 373). The Court noted that "Part F relates almost entirely to the calculation of overcharge claims, and any such

151682/2023 JPS 020 REALTY, LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL
Motion No. 001

Page 2 of 4

[* 2]

claim that was pending at the time the HSTPA was enacted necessarily involved conduct that occurred prior to the statute's enactment. (*Id.* at 374). This analysis does not apply to the retroactive application of HSTPA Part K, as the decisions in both *Regina Metropolitan Co., LLC* and *4040 BA LLC* make clear. DHCR correctly found that the Court of Appeals intended *Regina Metropolitan Co., LLC* to be interpreted narrowly and applicable to Part F only.

The court notes that the parties were granted leave to submit post-submission letters in regard to recent caselaw. In its post-submission letter to the court, petitioner argues that the ruling of the Appellate Division in *4040 BA LLC* has no application to this proceeding because it did not involve the 35% rule at issue here and does not preclude the granting of an increase herein. The Court disagrees. In *4040 BA LLC*, the Appellate Division refers to Part K as a whole, which includes the provision involving exclusion of any MCI increases under the 35% rule (*see* 2019 NY Laws, ch 36, pt K, §§ 4 [6], 5 [6]). Petitioner attempts to distinguish the MCI applications before the Appellate Division from the one here by noting that even though Part K was applied, the owner therein actually received an increase. However, this distinction is irrelevant to the issue of whether Part K may be applied to MCI applications pending at the time of HSTPA's enactment. Additionally, Petitioner ignores the fact that the MCI application in *4040 BA LLC* contained requests for increases based on separate items; one of which was for renovation work performed building-wide in apartments' bathrooms and kitchens. Such work could have qualified for MCI increases prior to enactment of HSTPA, but under HSTPA no longer qualified for increases (see pt K, § 4 [2]). Though the MCI application was filed prior to the enactment of HSTPA, the Appellate Division found that DHCR "rationally concluded that the bathroom and kitchen renovation work at issue did not qualify for MCI rent increases under the part K amendments (*4040 BA* LLC, 221 AD3d at 440) Thus, as here, the owner received no increase for that item.

Finally, the petitioner argues that applying Part K to its MCI application caused or created a hardship, and/or prejudice to the petitioner, because it resulted in respondent denying the application without any consideration of the merits even though petitioner spent more than $169,000.00 on elevator modernization which had the beneficial effect of improving service for all tenants in the building, including rent-regulated tenants. However, mere financial loss or expenditure does not, by itself, evidence hardship or prejudice (*see Matter of IG Second Generation Partners L.P. v DHCR*, 34 AD3d 379, 380 [1st Dept 2006]). Therefore, the mere fact that the petitioner lost an opportunity to recoup from rent-regulated tenants the cost of benefits that were provided to both rent-regulated and market-rent tenants, does not indicate unfair prejudice or hardship. Indeed, if the petitioner wishes to raise the rent on its market-rate apartments, it is free to do so.

The petitioner's remaining contentions have been considered and found to be without merit. Accordingly, upon the foregoing papers, it is

**151682/2023 JPS 020 REALTY, LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL Motion No. 001**

**Page 3 of 4**

3 of 4

[* 3]

ORDERED and ADJUDGED that the cross-motion of respondent Division of Housing and Community Renewal to dismiss the petition is granted, the petition is denied, and the proceeding is dismissed; and it is further

ORDERED that the Clerk shall enter judgment accordingly.

This constitutes the Decision and Order of the court.

| 5/29/2024 | | | | |
|---|---|---|---|---|
| DATE | | | NICHOLAS W. MOYNE, J.S.C. | |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151682/2023   JPS 020 REALTY, LLC vs. NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL**
**Motion No. 001**

Page 4 of 4

4 of 4